IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BENJI JEROME BRANHAM, | : | |
| Plaintiff, | : | |
| VS. | : | 7 : 12-CV-96 (HL) |
| COMMANDER KEVIN LEE, | : | |
| Defendant. | : | |

## RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in August 2012, and filed a recast Complaint at the Court's direction in October 2012.  (Docs. 1, 10).   Presently pending herein is a Motion for Summary Judgment filed by Defendant Lee.  (Doc. 16).   The Court notified the Plaintiff of the filing of the Defendant's summary judgment motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order.  (Doc. 20).   Plaintiff filed a response to the summary judgment motion on July 1, 2013.  (Doc. 21).

**Background**

The Plaintiff alleges that Defendant Lee, the Commander of the Thomasville/Thomas County Narcotics/Vice division, entered and searched Plaintiff's home without a warrant, and then seized Plaintiff's car, a laptop computer therein, and cash, which according to the Defendant was found on Plaintiff's person.  (Doc. 10, ¶ 13; Doc. 19, pp. 6-7).   On February 1, 2012, law enforcement officials with the Thomasville Police Department responded to a call regarding a domestic dispute at Plaintiff's home.  *Id.*   After determining that Plaintiff had an outstanding warrant for his arrest, officers placed Plaintiff under arrest.  *Id.*   Marijuana plants were

discovered during a search of Plaintiff's home, and narcotics officers, including Defendant Commander Kevin Lee, were called to investigate. *Id.* Upon arriving at the scene, Defendant Lee asked the Plaintiff if he was on probation, to which the Plaintiff responded "yes". *Id.* Plaintiff maintains that Lee then entered and searched his home and car without consent or a warrant, and seized his vehicle, laptop, and cash from his girlfriend.[1] *Id.*

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

---

[1] Although the Plaintiff asserts that the cash was taken from his girlfriend, the girlfriend's statement to the Narcotics Division, attached to Plaintiff's response to Defendant's summary judgment motion, indicates that the cash belonged to the Plaintiff and had been taken from his person by Thomasville police and given to the girlfriend, with the Plaintiff's permission. (Doc. 21-3, Exh. 5). Moreover, any claim that the cash was illegally seized from the girlfriend's person is not properly before this Court. *Rakas v. Illinois*, 439 U.S. 128, 133-134 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

2

those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3). The Defendant has supported his summary judgment motion with the affidavit and statement of Officer Jabar Dunbar, a memorandum and a statement of material facts. (Docs. 17-19). The Defendant maintains that neither the search nor the seizure violated Plaintiff's constitutional rights, and that he is entitled to the protection of qualified immunity.

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend [even] to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). In *Terry v. Ohio*, 392 U.S. 1, 21 (1968), the United States Supreme Court held that "in justifying [a] particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." "[A]ny curtailment of a person's liberty by the police must be supported at least by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." *Reid v. Georgia*, 448 U.S. 438, 440 (1980).

Qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009). "Under the qualified immunity standard recently rearticulated by

3

the Supreme Court in *Pearson v. Callahan*, [555] U.S. [223], 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Oliver*, 586 F.3d at 905.

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.   This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)).   "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional."   *Id.* at 741.

When an officer seeks summary judgment on the basis of qualified immunity, the Court must "determine only whether reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that reasonable suspicion or probable cause existed."   *Young v. Eslinger*, 244 Fed.Appx. 278, 279 (11th Cir. 2007).   "A law enforcement official who reasonably but mistakenly concludes that reasonable suspicion is present is still entitled to qualified immunity."   *Jackson v. Sauls*, 206 F.3d 1156, 1165-66 (11th Cir. 2000).

**Analysis**

According to the Defendant, the Thomasville/Thomas County Narcotics/Vice Division

4

was contacted on February 1, 2012 by a concerned citizen and informed that Plaintiff was growing exotic plants, suspected to be marijuana, inside his house. (Doc. 19, p. 5). On that date, Plaintiff was serving a five year felony sentence on probation for possession of cocaine with intent to distribute, a sentence imposed on September 10, 2007 by the Superior Court of Thomas County. (Doc. 18-1). When Narcotics Division officers arrived at the Plaintiff's residence, Thomasville Police officers were on the scene due to a complaint of domestic violence in the home, and said officers could detect the smell of marijuana coming from the house. (Doc. 19, p. 5).

According to the Defendant, officers on the scene asked the Plaintiff if he was on probation, if he had a search clause in his probation conditions, and if officers could search his residence, and according to the Affidavit of Officer Dunbar, Plaintiff responded "yes" to all of these inquiries. *Id.* The search of Plaintiff's home, conducted by Defendant Lee and other officers, revealed marijuana, marijuana plants, and growing equipment. *Id.* at p. 6. Outside the residence, a laptop was seized from a 1997 Honda Accord and $142.00 was found on Plaintiff's person. *Id.* These items, including the vehicle, were seized based on the belief that they were obtained through illegal drug sales and the fact that they were found in close proximity to the drugs located during the search. *Id.*

Defendant has submitted a copy of the Plaintiff's 2007 state felony sentence for possession of cocaine with intent to distribute, for which the following special condition of probation attached:

> Allow, permit, and consent for Probation Officer or any law enforcement officer to search his person, vehicle and premises he occupies at anytime without a search warrant and without probable cause, and not object to any items seized during any such search being admitted into evidence during any court trial, hearing, or proceeding.

Doc. 18-1, ¶ 11.

The Supreme Court has held that, in regard to a search of a probationer's residence or belongings, the Court must balance "the reasonableness of a search . . . by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests."  *United States v. Knights*, 534 U.S. 112, 118-19 (2001).   In *Knights*, the Supreme Court found that the search of a probationer was reasonable under a totality of the circumstances Fourth Amendment analysis, "with the probation search condition being a salient circumstance".   *Id.* at p. 118.

The *Knights* court noted that "[i]nherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled. . . [T]he very assumption of the institution of probation is that the probationer is more likely than the ordinary citizen to violate the law. . . . [T]he balance of these considerations require no more than reasonable suspicion to conduct a search of th[e] probationer's house."   *Id.* at 119-121.

According to the Plaintiff, he did not consent to the search of his house or his car, and although he acknowledges the condition of his probation allowing for the search of his vehicle and premises, he characterizes this condition as optional, meaning that he could choose whether to consent to future searches.   (Doc. 21-1).   In his affidavit filed in response to the Defendant's Motion for Summary Judgment, the Plaintiff states that no officer asked for consent to search his residence, and that Defendant Lee only confirmed Plaintiff's identity and the fact that Plaintiff was on probation before searching his residence.   (Doc. 21-2).

The Court notes that the search condition to which the Defendant points is part of a document which, as presented to this Court, does not contain any signatures other than that of the

6

presiding state Superior Court judge. (Doc. 18-1). However, Plaintiff does not contend that he did not agree to the search condition, but rather argues that his interpretation of the condition is that he had the option to either consent to a search or violate his probation. (Doc. 21-1).

Even without a search condition in place as a condition of his probation, the officers involved needed no more than reasonable suspicion to search the Plaintiff's house and car. In *United States v. Yuknavich*, 419 F.3d 1302 (11th Cir. 2005), the Eleventh Circuit held that the search of a probationer's computer, even in the absence of a probation search condition, need only be supported by reasonable suspicion. *Id.* at p. 1311. The *Yuknavich* court found that the *Knights* balancing test was not disturbed by the absence of a probation search condition, inasmuch as the probationer's expectation of privacy remained reduced regardless of the presence or absence of a condition allowing the search of home and property. *Id.; see also United States v. Keith*, 375 F.3d 346, 350 (5th Cir. 2004) (upholding a warrantless search of a probationer's house in the absence of a search condition where the officer had reasonable suspicion).

Reasonable suspicion is not "readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The Supreme Court has "deliberately avoided reducing [the concept of reasonable suspicion] to a 'neat set of legal rules'", and continues to recognize that a determination of reasonable suspicion "need not rule out the possibility of innocent conduct". *U.S. v. Arvizu*, 534 U.S. 266, 274 (2002); *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). When reviewing the facts regarding reasonable suspicion, the Court must look at the "totality of the circumstances - the whole picture". *United States v. Cortez*, 449 U.S. 411, 417 (1981). Reasonable suspicion requires more than an "inchoate and unparticularized suspicion or 'hunch'." *Terry v. Ohio*, 392 U.S. 1, 27 (1968); *Yuknavich*, 419 F.3d at 1311.

"To determine whether officers had reasonable suspicion, we 'must take stock of everything they knew before searching.'" *United States v. Gomes*, 279 Fed.Appx. 861, 870 (11th Cir. 2008 ), *quoting Yuknavich*, 419 Fed.Appx. at 1311.   Herein, Defendant Lee and other officers arrived at Plaintiff's residence with information suggesting that domestic violence was taking place at the residence, and that Plaintiff was engaged in growing marijuana in his house, providing the officers with "particular, objective evidence" to support a reasonable suspicion that Plaintiff was engaged in criminal activity.   (Doc. 19).   Officers on the scene smelled an odor of marijuana coming from the residence, and a concerned citizen had reported suspected marijuana growth at the house.  *Id.*   Therefore, reasonable suspicion supported the search of Plaintiff's house, his car, and his person.  *See Gomes*, 279 Fed.Appx. at 870 (officers arrived at scene of search with information suggesting defendant's involvement in criminal activity, to which he confessed, giving officers "particular, objective evidence" to support a reasonable suspicion that defendant was engaged in criminal activity).   The Court notes that the Plaintiff does not dispute that he informed the officers on the scene that he was a probationer, and was subject to a search clause. "When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable."  *Knights*, 534 U.S. at 121.   The search and seizure of Plaintiff's property were therefore supported by reasonable suspicion and did not violate Plaintiff's constitutional rights.

*Conclusion*

Inasmuch as the search and seizure of Plaintiff's property were supported by reasonable suspicion and did not violate Plaintiff's constitutional rights, IT IS THE RECOMMENDATION

of the undersigned that Defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

      **SO RECOMMENDED**, this 14th day of January, 2014.

                                            s/ ***THOMAS Q. LANGSTAFF***
                                            UNITED STATES MAGISTRATE JUDGE